UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOLSELEY INVESTMENTS INC., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 1:19-cv-106 <br><br> **COMPLAINT** |

Plaintiff Wolseley Investments Inc. ("Wolseley") complains against defendant American Guarantee and Liability Insurance Company ("AGLIC"), and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from coverage for numerous construction defect claims and litigations around the country. This dispute does not involve whether the underlying matters are covered. It involves an actual controversy and seeks a declaratory judgment that the Commercial Umbrella Liability Policy No. UMB3793022-00 sold by AGLIC to Wolseley ("Policy") provides defense coverage "outside limits"—meaning that AGLIC has a continuing duty to defend Wolseley in those underlying matters until the Policy's aggregate limit is exhausted by payment of judgments and settlements.

2. Wolseley is insured under the Policy which promised a broad range of protection, including defense and indemnity for lawsuits alleging "bodily injury" and "property damage." Indeed, AGLIC promised to defend such lawsuits at its expense upon the exhaustion of the "underlying insurance." As confirmed by AGLIC in a February 2013 correspondence, the "underlying insurance" was, around that time, "exhausted or will soon be exhausted by the final

payment" of a claim.  Beginning in or around June 2013, AGLIC agreed to defend Wolseley subject to a reservation of rights.  One of the rights reserved was that "[s]hould any applicable limit of insurance be exhausted through payments of judgements or settlements, [AGLIC's] duty to defend [Wolseley] …will end."  In other words, AGLIC correctly assumed its defense obligation and correctly asserted that only indemnity payments would erode the aggregate limit of the Policy.  That same reservation of rights would be asserted by AGLIC in its multiple, subsequent correspondence in the years that followed.  Consistent with its prior correspondence and the Policy itself, on March 16, 2018, AGLIC stated that "only about $3.4M of the $10,000,000 aggregate has been paid" which conformed with what Wolseley believed.

3.      In October 2018, AGLIC for the first time asserted that the Policy could "be exhausted through payments of judgments, settlements and/or defense and supplementary payments."  Under this new theory, and just months after representing that approximately $6.5 million of the aggregate remained based on indemnity payments, AGLIC stated that the policy was nearly exhausted based upon $4,169,284.18 in "paid indemnity" and $6,066,958.19 in "paid expense."  At no time prior had AGLIC considered the amount paid in defense costs when calculating the remaining available limit nor asserted that the Policy allowed AGLIC to do so.  To the contrary, AGLIC historically and correctly only reduced the aggregate limit based upon its payment of "judgments or settlements."

4.      AGLIC now claims that the Policy is exhausted, or nearly so (largely by payment of defense expenses); that its defense obligation is now satisfied; and that it will immediately terminate paying defense costs on Wolseley's behalf in all of the pending matters.  Because of AGLIC's breaches and bad faith, Wolseley will now be forced to pay millions of dollars for its

own defense and indemnification of the underlying matters despite approximately $6 million in aggregate limits remaining on the Policy.

## THE PARTIES

5. Wolseley is, and was at all relevant times herein, a corporation duly organized and existing under the laws of Virginia, with its principal place of business in Newport News, Virginia.

6. AGLIC is, and was at all relevant times herein, a New York Corporation with its principal place of business in Schaumburg, Illinois.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, based on complete diversity of the parties and an amount in controversy exceeding $75,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because AGLIC is subject to personal jurisdiction in this District, AGLIC has substantial operations in this District, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## THE POLICY

9. Wolseley purchased the Policy from AGLIC. The Policy has a policy period of August 1, 2008 to August 1, 2009. It is an "occurrence"-based policy, meaning that it applies to claims and suits alleging or potentially involving injury during that policy period. A true and correct copy of the Policy is attached hereto as Exhibit A.

10. The Policy obligates AGLIC to "pay on behalf of the **insured,** those damages covered by this insurance in excess of the total applicable limits of **underlying insurance** . . .

except with respect to: 1. Any contrary provision contained in this policy; or 2. Any provision in this policy for which a similar provision is not contained in **underlying insurance**." Ex. A, End. U-UMB-422-A-CW (07/2003) ("07/2003 End."), § I(A).

11.     The Policy provides that "[a]ny amount paid for damages arising out of an **occurrence** will reduce the amount of the applicable aggregate limit of insurance available for payment of damages arising out of all other **occurrences**." *Id*. § II(B)(1).

12.     The Policy does not define "damages."

13.     The Policy provides that "[i]f the limits of **underlying insurance** have been exhausted solely by payment of **loss** for which coverage is afforded under this policy, this policy will continue in force as **underlying insurance**." *Id*. § II(E)(2).

14.     The Policy imposes on AGLIC a duty to defend: "We have the right and duty to assume control of the investigation and settlement of any claim, or defense of any suit against the **insured** for damages covered by this policy . . . when the applicable limits of **underlying insurance** and **other insurance** has been exhausted by payment of claims for which coverage is afforded under this policy[.]" *Id*. End. U-UMB-528-B CW (12/2007) ("12/2007 End.") § A(1).

15.     "In those circumstances [in which AGLIC has a duty to defend], we will pay our expenses . . . to the extent that they are not included in **underlying insurance**." *Id*. 07/2003 End. § II(B); 12/2007 End. § A.

16.     The Policy does not define "expenses."

### WOLSELEY'S CLAIM AND AGLIC'S NEWLY-MINTED THEORY

17.     On February 21, 2013, AGLIC acknowledged that the "underlying insurance" was "exhausted or will soon be exhausted by the final payment" of a claim and agreed to begin defending Wolseley under a reservation of rights.

195440

18. On July 1, 2013, Wolseley was informed that the "underlying insurance" was "fully exhausted."

19. Until that time, the underlying insurance was indemnifying Wolseley up to the aggregate limits and, in addition, was funding Wolseley's defense.

20. Because the underlying insurance was exhausted by payment of "loss," the Policy was to then "continue in force as underlying insurance."

21. AGLIC initially honored that obligation. On June 7, 2013, AGLIC agreed to defend Wolseley and stated that, like the underlying insurance, the Policy could only "be exhausted through payments of judgments or settlements." Like the underlying insurance, defense costs would not erode or impact the aggregate limit of the Policy.

22. AGLIC made that same representation in correspondence dated October 9, 2013; April 23, 2015; July 26, 2016 and two separate letters dated July 13, 2017.

23. On March 16, 2018, in response to a request from Wolseley for the "remaining limits on the policy," AGLIC's Claims Specialist stated that "only about $3.4M of the $10,000,000 aggregate has been paid."

24. Thereafter, AGLIC transmitted correspondence dated March 16, 2018; August 9, 2018 and September 28, 2018, none of which stated or suggested that the aggregate limit of the Policy could be impacted, eroded or exhausted, in whole or in part, by payment of defense costs.

25. It was not until October 26, 2018 that, for the first time, AGLIC represented that the Policy's aggregate limit could be "exhausted through payments of judgments, settlements and/or defense and supplementary payments."

26. On November 13, 2018, AGLIC represented that the Policy had "been eroded by payments of claims and claims expenses which leaves [the Policy] nearly exhausted." In that

195440

same correspondence, AGLIC represented that its "duty to defend ends when it has used up the applicable limit of insurance in payment of judgments, expenses or settlements."

27. The Policy does not define "claim" or "expenses" and the phrase "claims expenses" is not found anywhere in the Policy.

28. On December 12, 2018, AGLIC stated that only approximately $44,000 in aggregate limits remained on the Policy based on "paid indemnity" of $4,169,284 and "paid defense" of $6,066,958.

## FIRST CAUSE OF ACTION
**(Breach of Contract)**

29. Wolseley realleges and incorporates by reference paragraphs 1 through 28 above.

30. AGLIC has a continuing duty to defend Wolseley until the aggregate limit of the Policy is exhausted by payments of judgments or settlements.

31. AGLIC breached its duties under the Policy by now claiming that the Policy provides defense costs "inside limits" and that the Policy is now exhausted, or nearly so, based upon defense and indemnity payments totaling $10 million when, in fact, there remains approximately $6 million in aggregate limits and AGLIC has a continuing duty to defend Wolseley until AGLIC indemnifies judgments and settlements up to $10 million.

32. As a direct and proximate result of its breaches, AGLIC has deprived Wolseley of the benefit of the insurance provided by the Policy, for which AGLIC charged and collected significant premiums.

33. As a direct and proximate result of its breaches, Wolseley has been damaged in an amount to be proven at trial in excess of this Court's jurisdictional limit, plus interest.

195440

## SECOND CAUSE OF ACTION
(Declaratory Relief--Duty to Defend)

34. Wolseley realleges and incorporates by reference paragraphs 1 through 33 above.

35. Wolseley seeks a judicial determination of Wolseley's rights and AGLIC's duties with respect to an actual controversy arising out of the interpretation of the Policy.

36. AGLIC has a duty to defend Wolseley until the aggregate limit of the Policy is exhausted by payment of settlements or judgments.

37. AGLIC's duty to defend is a significant right afforded to Wolseley under the Policy.

38. Wolseley has substantially performed all material obligations to be performed by it under the Policy.

39. AGLIC now claims that the Policy provides defense costs "inside limits" and that the Policy is now exhausted, or nearly so, based upon defense and indemnity payments totaling $10 million when, in fact, there remains approximately $6 million in aggregate limits and AGLIC has a continuing duty to defend Wolseley until AGLIC indemnifies judgments and settlements up to $10 million.

40. AGLIC contends that it no longer has a duty to defend Wolseley.

41. An actual controversy of a justiciable nature presently exists among Wolseley and AGLIC concerning the rights and obligations of the parties with respect to AGLIC's duty to defend Wolseley and the amount of remaining coverage under the Policy.

42. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties.

195440

## THIRD CAUSE OF ACTION
**(Declaratory Relief--Duty to Indemnify)**

43. Wolseley realleges and incorporates by reference paragraphs 1 through 42 above.

44. Wolseley seeks a judicial determination of Wolseley's rights and AGLIC's duties with respect to an actual controversy arising out of the interpretation of the Policy.

45. AGLIC has a duty to indemnify Wolseley until the aggregate limit of the Policy is exhausted by payment of settlements or judgments.

46. Wolseley has substantially performed all material obligations to be performed by it under the Policy.

47. AGLIC now claims that the Policy provides defense costs "inside limits" and that the Policy is now exhausted, or nearly so, based upon defense and indemnity payments totaling $10 million when, in fact, there remains approximately $6 million in aggregate limits and AGLIC has a continuing duty to defend Wolseley until AGLIC indemnifies judgments and settlements up to $10 million.

48. AGLIC contends that it no longer has a duty to indemnify Wolseley.

49. An actual controversy of a justiciable nature presently exists among Wolseley and AGLIC concerning the rights and obligations of the parties with respect to AGLIC's duty to indemnify Wolseley and the amount of remaining coverage under the Policy.

50. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy among the parties.

## DEMAND FOR JURY TRIAL

Wolseley hereby demands a trial by jury on all issues so triable.

**WHEREFORE**, Wolseley prays for relief as follows:

195440

      A.      That the Court enter a judgment in this case declaring and adjudicating the rights of Wolseley and the responsibilities, duties and obligations of AGLIC under the Policy described above.

      B.      That the Court enter a judgment in this in this case in Wolseley's favor, declaring that AGLIC owes a continuing duty to defend Wolseley until the $10 million aggregate limit is exhausted by judgments or settlements.

      C.      That the Court enter a judgment in this in this case in Wolseley's favor, declaring that AGLIC owes a continuing duty to indemnify Wolseley until the $10 million aggregate limit is exhausted by judgments or settlements.

      D.      That the Court award Wolseley the costs, disbursements and attorney's fees incurred; and award such other and further relief as this Court deems just and proper.

Dated: New York, New York
       January 4, 2019

**PASICH LLP**

By:   /s/ Jeffrey L. Schulman
      Jeffrey L. Schulman (JS-5739)
      757 Third Avenue, 20th Floor
      New York, New York 10017
      Telephone: (212) 686-5000
      jschulman@pasichllp.com

*Attorneys for Wolseley Investments Inc.*

195440